IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| JOHN B. ELLSWORTH,        ) | |
| Petitioner,        ) | Case No. CV 06-262-S-MHW |
| v.        ) | **MEMORANDUM DECISION AND ORDER** |
| JO ANNE B. BARNHART, Commissioner, ) Social Security Administration,        ) | |
| Respondent.        ) | |

Currently before the Court is Respondent's Motion to Dismiss (Docket No. 7), filed September 13, 2006. Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter shall be decided on the record before this Court without oral argument.

**I.
Background**

On May 28, 2004, Petitioner John B. Ellsworth ("Petitioner") filed an application for disability insurance benefits. The Commissioner of the Social Security Administration ("Commissioner") denied his application on July 8, 2004 and Petitioner did not appeal. On October 14, 2005, Petitioner filed a second application for disability insurance benefits. The

**Memorandum Decision and Order - Page 1**

application was denied initially on February 5, 2006 and upon reconsideration on February 11, 2006 for the reason that the "application concerns the same issues which were decided when an earlier claim was denied." (Declaration of Rose Ray, Exhibit Nos. 3 & 4.) Petitioner requested a hearing on March 9, 2006. Petitioner submits that this request included new medical evidence that was not submitted with the initial application in this case or with the prior application. However, while Petitioner cites to a few exhibits when he makes this argument, the Court is unable to decipher from those exhibits what exactly is new. Also, Petitioner does not describe his "new evidence." On March 21, 2006 Administrative Law Judge (ALJ) Lloyd E. Hartford issued an order of dismissal of Petitioner's request for a hearing based on res judicata. The ALJ noted that the "claimant's current request for hearing involves the rights of the same claimant on the same facts and on the same issues which were decided in the final and binding determination dated July 13, 2004,[1] made on the prior application." (Plaintiff's Response to Defendant's Motion to Dismiss, Docket No. 12, "Petitioner's Response," Exhibit No. 6.) This decision also stated: "No new evidence was submitted with this application for benefits." (*Id*.) The Appeals Council denied Petitioner's request for review on June 5, 2006. Petitioner filed his Petition for Review (Docket No. 2) on July 12, 2006. Respondent filed this Motion to Dismiss (Docket No. 7) pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(6) and 56 on September 13, 2006.

## II.
## Standard of Review

Respondent has moved to dismiss this case pursuant to Fed. R. Civ. P 12(b)(1) based on lack of subject matter jurisdiction and/or 12(b)(6) based on failure to state a claim upon which relief may be granted. Alternatively, because Respondent relies on evidence not in the

---

[1] The correct date is actually July 8, 2004.

**Memorandum Decision and Order - Page 2**

complaint, Respondent moves for summary judgment pursuant to Fed. R. Civ. P. 56.

Rule 12(b)(1) attacks on jurisdiction can either be facial, confining the inquiry to the allegations in the complaint, or factual, permitting the court to look beyond the complaint. *Savage v. Glendale Union High Sch.*, 343 F.3d 1063, 1040, n. 2 (9th Cir. 2003). With a factual Rule 12(b)(1) attack, a court may look beyond the complaint to matters of public record without having to convert the motion into one for summary judgment. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). Once the motion has been converted into a factual motion by the moving party presenting affidavits or other evidence, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction. *Savage v. Glendale Union High Sch.*, 343 F.3d 1063, 1040, n. 2 (9th Cir. 2003). The Court finds that this case can properly be resolved under Rule 12(b)(1) and will forgo discussion of Rules 12(b)(6) and 56.

### III.
### Motion to Dismiss

This Court has limited jurisdiction to review "final decision[s]...after a hearing" of the Commissioner of the Social Security Administration under 42 U.S.C. § 405(g). *See Krumpelman v. Heckler*, 767 F.2d 586, 588 (9th Cir. 1985). The Commissioner may apply res judicata[2] to bar reconsideration of a period of disability with respect to which the Commissioner has already made a determination and may decline to reopen the prior application. *Lester v.*

---

[2] Once there has been a decision on the merits which becomes final as a result of claimant's failure to seek administrative review, the principle of res judicata applies. *Taylor v. Heckler*, 765 F.2d 872, 876 (9th Cir. 1985). 20 C.F.R. § 404.957(c)(1) provides that an ALJ may dismiss a request for a hearing when the "doctrine of res judicata applies in that [the Social Security Administration has] made a previous determination or decision. . .about [a claimant's] rights on the same facts and on the same issue or issues, and this previous determination or decision has become final by either administrative or judicial action."

**Memorandum Decision and Order - Page 3**

*Chater*, 81 F.3d 821, 827 (9th Cir. 1996).  A decision not to reopen is discretionary and not subject to judicial review.  *Id*.  *See also Califano v. Sanders*, 430 U.S. 99, 107-08 (1977); *Evans v. Chater*, 110 F.3d 1480, 1482 (9th Cir. 1997).  Even when res judicata applies, the Commissioner has discretion whether to reopen a prior application for "good cause" within four years of the date of the notice of the initial determination.  20 C.F.R. § 404.988(b).  *See Tobak v. Apfel*, 195 F.3d 183 (3d Cir. 1999).  Good cause includes: new and material evidence is furnished; a clerical error in the computation or recomputation of benefits was made; or the evidence that was considered in making the determination or decision clearly shows on its face that an error was made.  20 C.F.R. § 404.989(a).

There are some limited exceptions to the general rule that a decision based on res judicata cannot be reviewed by a district court.  *See Krumpelman v. Heckler*, 767 F.2d 586 (9th Cir. 1985); *Evans v. Chater*, 110 F.3d 1480 (9th Cir. 1997); *Lester v. Chater*, 81 F.3d 821 (9th Cir. 1996).  One such exception is that a district court does have jurisdiction to determine whether the claim precluded is the same as the claim previously determined.  *Krumpelman v. Heckler*, 767 F.2d 586 (9th Cir. 1985).  Another exception occurs where the Commissioner has reopened the prior determination and makes a determination, on the merits, regarding a claimant's disability during an already adjudicated period.  *Lester v. Chater*, 81 F.3d 821, 827 (9th Cir. 1996).  Where such a de facto reopening occurs, the decision of the Commissioner is subject to judicial review. *Id*.  The last exception is where the Commissioner's decision is challenged on constitutional grounds.  *Evans v. Chater*, 110 F.3d 1480, 1482 (9th Cir. 1997).  This is the exception Petitioner relies upon in this case.

Regarding this last exception, the Ninth Circuit has held that for the constitutional claims

to be sufficient for judicial review, they must implicate "a due process right either to a meaningful opportunity to be heard or to seek reconsideration of an adverse benefits determination." *Udd v. Massanari*, 245 F.3d 1096, 1099 (9th Cir. 2001). *See also Panages v. Bowen*, 871 F.2d 91, 93 (9th Cir. 1989) (holding that constitutional claims must relate to the manner or means by which the Commissioner decided not to reopen the prior decision). A constitutional claim is not "colorable" if it is immaterial and made solely for the purpose of obtaining jurisdiction or is wholly insubstantial or frivolous. *Hoye v. Sullivan*, 985 F.2d 990, 991-92 (9th Cir. 1992). In *Rolen v. Barnhart*, the Ninth Circuit found that a colorable constitutional claim was made where the claimant claimed he was denied due process and cited arguably relevant caselaw in support of that argument. 273 F.3d 1189, 1191 (9th Cir. 2001). However, merely alleging a constitutional violation or making a conclusory allegation is not enough. *Kinash v. Callahan*, 129 F.3d 736, 738 (5th Cir. 1997). "Simply couching in constitutional language what is in reality an argument, that the [Commissioner] abused his discretion in refusing to re-open a claim, does not convert the argument into a colorable constitutional challenge." *Ingram v. Sec'y of Health & Human Servs.*, 830 F.3d 67, 67 (6th Cir. 1987). Some examples of where courts have found colorable constitutional claim include inadequate notice and where mental illness prevented the claimant from understanding his appeal rights. *See Gonzalez v. Sullivan*, 914 F.2d 1197, 1203 (9th Cir. 1990); *Elchediak v. Heckler*, 750 F.2d 892, 894 (11th Cir. 1985).

Respondent argues that the Court does not have subject matter jurisdiction in this case because Petitioner did not obtain a final decision when the ALJ dismissed his hearing request on the grounds of res judicata. Respondent asserts that Petitioner has not made a colorable

constitutional claim by merely relying on a medical report that was not previously submitted with his prior claim.  Respondent also points out that Petitioner has failed to set forth any basis that shows the materiality of this "new evidence."

Petitioner maintains that his right to due process was violated by the Commissioner's failure to consider the new evidence he submitted with his Request for Hearing.  Petitioner asserts that as 20 C.F.R. §§ 404.988(b), 404.989(a)(1) provide that for good cause, which includes the submission of new and material evidence, a case can be reopened within four years of the date of the initial determination, he was denied a meaningful opportunity to be heard regarding this new and material evidence.  Petitioner also points out that he was unrepresented by counsel up until the time his Request for Hearing was filed.

The regulations state that the Commissioner *may* reopen a case when new and material evidence is submitted; thus the Commissioner's decision whether to reopen is entirely discretionary.  *See* 20 C.F.R. § 404.988(b).  However, this decision by the Commissioner can be challenged when a claimant makes a colorable constitutional claim.

Petitioner makes the point that he was unrepresented by counsel up until the time of his Request for Hearing.  The Eleventh Circuit has held that the fact a claimant was not represented by counsel at a Social Security hearing is not a constitutional wrong.  *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997).  Petitioner's statement does not suffice to set out a colorable constitutional claim.

Petitioner's other constitutional claim appears to be that he was denied due process because he was not granted a hearing, his submission of new evidence was never considered, nor was he given an opportunity to be heard on the issue of reopening his prior application.  It seems

**Memorandum Decision and Order - Page 6**

Petitioner's constitutional arguments are that he was denied due process because the Commissioner exercised the very discretion she is afforded by the regulations.  It is within the Commissioner's discretion to decide whether to reopen a case when new and material evidence is submitted.  *See* 20 C.F.R. §§ 404.988(b), 404.989(a)(1)  Although Petitioner never discusses how this evidence is material,[3] even if it is, the Commissioner still has the discretion to decide whether to reopen the case.  The Commissioner's decision not to reopen on the basis of res judicata is entirely within her discretion.  This act by the Commissioner cannot be the basis for Petitioner's constitutional claim.

The regulations also provide that an ALJ can deny a request for hearing when res judicata applies.  *See* 20 C.F.R. § 404.957(c)(1).  Petitioner does not argue, nor does it appear, that the ALJ was incorrect in finding that Petitioner's second application involved the same facts and issues as his first and applying res judicata.  Again, the Petitioner cannot argue that the ALJ acting within his discretion is a denial of due process.  For Petitioner to state a colorable constitutional claim, he must argue an actual denial of due process besides actions that are allowed by the regulations and within the discretion of the Commissioner or the ALJ.

Petitioner does not cite to any relevant caselaw that demonstrates these actions may be a denial of due process.  Conclusory allegations made solely for the purpose of conferring jurisdiction upon this Court will not suffice to state a colorable constitutional claim.  Simply adding in constitutional language when describing actions taken by the Commissioner or ALJ is not sufficient either.  The Commissioner properly applied res judicata to Petitioner's second

---

[3] Again, the Court would like to note that Petitioner never states what this "new evidence" he refers to is and it is not evident from the record what this evidence consists of, nor does he address how exactly it is material to his disability claim.

**Memorandum Decision and Order - Page 7**

application, which bars judicial review of that decision. Since Petitioner has not alleged a colorable constitutional claim, the Court does not have jurisdiction to hear this case.

## **ORDER**

Based upon the foregoing, the Court being otherwise fully advised in the premises, the Court **hereby ORDERS that:**

    1)    Respondent's Motion to Dismiss (Docket No. 7), filed September 13, 2006, be GRANTED.



DATED: April 3, 2007

Honorable Mikel H. Williams
United States Magistrate Judge

**Memorandum Decision and Order - Page 8**